# UNITED STATES DISTRICT COURT
for the

_____ District of _____

| | |
|---|---|
| United States of America<br>v.<br><br><br><br>_____<br>*Defendant(s)* | )<br>)<br>) Case No. 1:21-MJ-00119-SKO<br>)<br>)<br>) |

**FILED**
Nov 04, 2021
CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of _____ in the county of _____ in the _____ District of _____, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| | |

This criminal complaint is based on these facts:

☐ Continued on the attached sheet.

_____
*Complainant's signature*

_____
*Printed name and title*

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by email and telephone.

Date: 11/4/2021

_____
*Judge's signature*

City and state: _____

_____
*Printed name and title*

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ADOLFO MADRIGAL CONTRERAS,<br><br>Defendant. | CASE NO.<br><br>AFFIDAVIT OF SPECIAL AGENT KRISTIN E. LOEFFLER |

I, Kristin E. Loeffler, being sworn, depose and state the following:

### I.      INTRODUCTION

1.      This Affidavit is in support of an arrest warrant for Adolfo Madrigal CONTRERAS, hereinafter referred to as CONTRERAS, for a violation of 18 U.S.C. § 922(o) – Possession and transfer of a Machine Gun and 26 U.S.C § 5861(d) – Possession of Unregistered NFA Firearm.

2.      As stated further in this Affidavit, law enforcement officers have gathered evidence to support probable cause that CONTRERAS committed the aforementioned crimes.

### II.      AFFIANT'S BACKGROUND

3.      I am a Special Agent with the Bureau of Alcohol, Tobacco, and Firearms, and have been so employed since May of 2020.  I am currently assigned to the ATF Fresno Field Office, specializing in investigations involving the illegal possession of firearms and other federal offenses involving firearms and explosives.  In 2020, I completed the Criminal Investigator Training Program (CITP) at the Federal Law Enforcement Training Center (FLETC) in Brunswick, Georgia.  In 2021, I completed Special Agent Basic Training (SABT) at the ATF National Academy, at FLETC.  Prior to my employment with ATF, I spent five years in the Army as a Military Policeman from 2003-2008.  During that time, I planned, led, and executed over 350 missions into hostile areas; developed working relationships and

trained over 200 Iraqi Police on basic law enforcement procedures, tactics, security operations, and patrols; oversaw the internment of over 850 detainees; and served on a protective security detail for two ambassadors. While in the U.S., I oversaw soldiers initiating investigative measures; identified, pursued, and arrested suspects and perpetrators of criminal acts; identified, collected, and preserved evidence; conducted subject interviews; and prepared reports.

4.  In 2012, I interned with the United States Marshal Service. From 2013 through 2016, I was employed by the U.S. Department of State as an Agent in Charge of close protection details for U.S. dignitaries, department officials/employees, and Department of Defense personnel at the U.S. Embassy in Baghdad, Iraq. I supervised and conducted vehicle motorcades, venue security, and fly away missions. From 2016 until my employment with ATF, I was an independent contractor with the Department of Defense, instructing government personnel in pistol marksmanship fundamentals, proficient employment, and justifiable use of weapons. I hold a Bachelor of Science in Global Security and Intelligence Studies from Embry Riddle Aeronautical University.

5.  The information contained in this Affidavit is based upon my personal observations, training, and information related to me by other law enforcement officers and/or agents.

### III.   PROBABLE CAUSE

6.  In February of 2020, ATF Special Agents opened a firearms case involving Carlos Manuel Ruiz-Montanez and Ramon Castillo. From February 2020 through September 30, 2021, ATF Confidential Informant (CI) -3302, and undercover officers and agents, made multiple firearms purchases from Montanez and Castillo in the Northern District of California. These purchases were audio and video recorded and documented in ATF case number 786065-20-0020. The CI has worked for ATF on a number of cases in exchange for financial compensation. The CI has a prior felony conviction for second degree robbery. In this case, the informant received a pecuniary payment for their assistance. Information provided by the CI to ATF has, to date, been found to be credible.

7.  On October 5, 2021, Castillo began facilitating a firearm purchase by the CI, through his cousin, CONTRERAS, in Madera, CA. At approximately 2046 hours, the CI received a text message[1]

---

[1] All text messages and telephone conversations between the CI, CONTRERAS, and Castillo, that led to the firearm

COMPLAINT AFFIDAVIT                                    2

from Castillo.  He informed the CI, "They have a factory full auto[2] ar but they asking 2800."  The CI asked for the location of the firearms and Castillo replied, "Think fresno guy gona bring it out here ina few weeks tho."  Castillo added that the firearm was tested.  Castillo sent the CI a video of an unknown individual firing, what appeared to be, a firearm which functioned as a fully automatic weapon.  The CI then informed Castillo that the CI could go to "Fresno" and pick it up.  Castillo stated that the source, his cousin, wanted $2,500.00 for the firearm and that the source was in "Madera."

8. On October 13, 2021, at approximately 0740 hours, the CI requested the source's telephone number from Castillo.  Castillo replied, "(831) 840-6311."  A query of law enforcement databases revealed the source as Adolfo Madrigal-CONTRERAS, DOB: 11/22/1987, residing at 25684 El Vado Drive, Madera, CA 93638 ("Subject Premises").  Castillo added, "He drives one of the newer hondas it a dark grey color,"

9. At approximately 0800 hours, the CI placed a telephone call to CONTRERAS, using the (831) 840-6311 phone number, and introduced himself/herself.  The CI and CONTRERAS agreed on a time for the purchase of the firearm.

10. At approximately 1250 hours, a surveillance unit with the Fresno Police Department, Street Violence Bureau Tactical Team, observed a gray Honda Accord bearing California license plate 8HCK935 ("Subject Vehicle") in the driveway of the Subject Premises.  A Department of Motor Vehicles records check revealed that the vehicle is registered to CONTRERAS, at that address.

11. At approximately 1315 hours, surveillance observed CONTRERAS arriving as the driver of a white Chevy Sport Utility Vehicle (SUV) and entered the Subject Premises.  At approximately 1324 hours, CONTRERAS was observed exiting the residence carrying, what appeared to be, a white plastic bag, concealing the purchased item, placing it in the back seat on the passenger's side of the Subject Vehicle.  CONTRERAS then got into the Subject Vehicle and drove away from the residence.

12. At approximately 1345 hours, surveillance observed the CI arriving at the Pizza Hut parking lot located at 1475 Country Club Drive, Madera, CA 93638 for the transaction.  The CI then

---

transaction, were documented and recorded.

[2] A "full auto", "fully automatic" or "machine gun" is described as any weapon which shoots, is designed to shoot, or can be readily restored to shoot, automatically more than one shot, without manual reloading, by a single function of the trigger.

COMPLAINT AFFIDAVIT                                     3

directed CONTRERAS, by phone, to where he/she was in the parking lot.

13. The CI was seen by surveillance entering the Subject Vehicle, sitting in the front passenger seat. The CI examined the firearm and paid CONTRERAS $2,600.00 for the firearm. CONTRERAS informed the CI he had other firearms and would inform the CI when they were ready for purchase. CONTRERAS added that the firearm is clean, and it is "full auto."

14. The CI informed CONTRERAS that he/he she could not own firearms because he/she is a felon. CONTRERAS, replied "Shit alright." CONTRERAS proceeded to show the CI how to switch the firearm from safe, to semi-automatic, to fully automatic and told the CI to hold the trigger until he/she empties the entire magazine.

15. At approximately 1353 hours, the CI exited CONTRERAS' vehicle with the firearm in the plastic bag and placed it in his/her vehicle. Shortly after, both parties departed the location. Surveillance then followed CONTRERAS back to the Subject Premises.

16. The interactions between CONTREREAS and the CI were audio/video recorded and watched/heard by surveillance units. The CI and his/her vehicle were searched prior to the transaction, followed by surveillance units to the deal, observed during the deal, and followed to a secondary location after the deal, where the firearm was handed over to ATF Agents. At no time was the CI out of the line of sight of Agents, nor did the CI stop at any other locations or interact with any individuals other than CONTRERAS. When the firearm was given to Agents, they performed a function check/field test and determined that the firearm was in fact a fully automatic, short-barreled rifle. A query of a law enforcement database revealed that CONTRERAS is not a Federal Firearms Licensee. Additionally, a check of the National Firearm Registration and Transfer Record (NFRTR) confirmed CONTRERAS does not have any registered NFA weapons.

17. Based on the above information, the Honorable Erica P. Grosjean, U.S. Magistrate Judge, authorized a search warrant of the Subject Premises on November 1, 2021. The search warrant was executed on the Subject Premises on November 4, 2021, at 0600 hours. During the search, agents recovered a fully automatic rifle from under the bed in the master bedroom. After being read his Miranda rights, CONTRERAS admitted to owning the firearm and stated that he bought it at a gun auction in

Nevada. CONTRERAS denied any knowledge about the October 13, 2021 transaction.

18. The firearm was field tested/function checked by ATF agents at the residence and was found to be a fully automatic firearm.

### IV. CONCLUSION

19. The above facts set forth probable cause to believe that CONTRERAS has possessed and transferred a machine gun and is in possession of an NFA firearm, in violation of 18 U.S.C § 922(o) and 26 U.S.C § 5861(d). I request that an arrest warrant be issued for CONTRERAS for these violations.

_____
Kristin E. Loeffler
Special Agent, Bureau of Alcohol, Tobacco,
Firearms and Explosives, U.S. Department of
Justice

Affidavit submitted by email/pdf and attested to me as true and accurate by telephone consistent with Fed. R. Crim. P. 4.1 and 41(d)(3) before me this __4th__ day of November, 2021.

_____
THE HONORABLE SHEILA K. OBERTO
UNITED STATES MAGISTRATE JUDGE

Reviewed as to form by:

/s/ *Antonio J. Pataca*
ANTONIO J. PATACA
Assistant U.S. Attorney